EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MILIJA PERKOVIC,

    Defendants.

_____/

Case No. 18-20203

Honorable Denise Page Hood

## ORDER GRANTING DEFENDANT'S MOTION FOR EARLY RELEASE FROM PROBATION [ECF NO. 102]

Before the Court is Defendant Milija Perkovic's Motion for Early Release from Probation. [ECF No. 102]. Both the Government and the Probation Department oppose Perkovic's motion. [ECF No. 103].

On September 23, 2022, Perkovic was sentenced to 18 months incarceration followed by two years of supervised release for violation of 18 U.S.C. § 1349, Conspiracy to Commit Health Care Fraud. [ECF No. 86, PageID.2865-86]. Perkovic began his term of supervised release on October 25, 2023. If left intact, Perkovic's term of supervised release will end in five months. According to the Probation Department, Perkovic has completed all special conditions, with the exception of his restitution which has a balance of $441,280.61. Perkovic has been compliant with making his $150 monthly payments towards the balance.

The Government argues that the Court should deny Perkovic's motion because he has not shown that he is negatively impacted by serving the full sentence imposed by the Court or exceptional or extraordinary circumstances warranting early termination. [ECF No. 103, PageID.347].

"A court 'may' terminate a term of supervised release at any time after the expiration of one year of supervised release, if the action is warranted by the conduct of the defendant and is in the interests of justice." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002); 18 U.S.C. § 3583(e)(1). District Courts have broad discretion to resolve motions for early termination of supervised release. *United States v. Hale*, 127 F.4th 638, 641 (6th Cir. 2025). Further, there is no "blanket rule requiring exceptional conduct as a prerequisite to early termination." *Id*. (internal quotation marks omitted).[1]

Perkovic has served more than 75 percent of his term of supervised release without issue. He remains current on restitution payments and remained compliant with the conditions of supervised release while traveling abroad. The Court is aware that Perkovic's father is ill and lives in Montenegro. The Government argues that if Perkovic's supervised release is terminated, there would be no

---

[1] The Government's reliance on *Atkin* is misplaced as the sixth Circuit has moved away from the "exceptionally good behavior" standard for resolving motions for early termination of supervised release. See *United States v. Hale*, 127 F.4th 638, 641 (6th Cir. 2025). However, the Court notes that the Government's Response was filed in November of 2024, prior to *Hale* being decided.

accountability for him to continue making restitution payments. However, the same issue would be present at the end of his term of supervised release in just five months.

Therefore, the Court is satisfied that the interests of justice would be served by terminating Perkovic's supervised release at this time. Perkovic's motion for early release from probation is GRANTED.

In light of the foregoing,

IT IS SO ORDERED that Defendant's Motion for Early Release from Probation [ECF No. 102] is GRANTED;

IT IS FURTHER ORDERED that Defendant must continue to make restitution payments at the rate established by the Probation Department and approved by this Court ($150 per month);

IT IS FURTHER ORDERED that Defendant's Motion for Permission to Travel [ECF No. 107] is MOOT.

SO ORDERED.

s/Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED:  June 4, 2025